Ouria, per

Wardlaw, J.
The conclusion which this Court has attained upon the first ground of the motion for non-suit, renders unnecessary the consideration of any other ground of the appeal.
In a case which arose before the Court of Appeals, then consisting of ten Judges, between these plaintiffs and *792 Alford (involving the construction of the bequest made to Samuel Waller in William Waller’s will, under which the plaintiffs now claim,) it is understood that the attention of the Court was not called to any distinction between that case and the cases of Henry vs. Means, 2 Hill Rep. 328, and Henry and Talbird vs. Archer, 1. Bailey Eq. 535: and it was held that the plaintiffs were entitled to recover. The counsel for the present defendant, not content with the decision of the"same matter in a case to which he was not privy, in the first argument of the present appeal before the law Court of Appeals, by leave of the Court, pressed their views of the distinction between the present case and the two cases above cited with such force, that a re-argument has been had before the Court of Errors.
Both the cases above cited involved the construction of the bequest made in Thomas Bell’s will to his daughter Elizabeth. The bequest w7as to Elizabeth Bell, “to her and the lawful issue of her body foreverand a subsequent clause of the will provided “that if any of my sons or daughters should die without leaving lawful issue of their bodies alive, then their part of lhe< estate to be equally divided amongst my then surviving children.” The limitation over was clearly good, and depended upon the sole contingency of Elizabeth’s death without issue of her body then living. It followed that, if the issue were held to be under the express bequest to them, purchasers after a life estate in Elizabeth, in any event after her death, either the issue as purchasers or the persons provided for in the limitation over, must have taken : so that, under that construction, the limitation over was a conditional substitution or alternation for the bequest to issue. The qualifying terms employed in the clause of limitation over having shewn that the testator there used issue of the body to denote, not an indefinite succession of descendants, but that class of them w7ho at a particular time might exist, there was no reason why, in the preceding clause which contained the direct bequest, he should not have been supposed, by issue of the body without the qualifying terms, to point out the same class; and the supposition once admitted, the identity of time at which, under it, the estate of the issue, or the limitation over, must, one or the other, necessarily take *793 effect, and the dependence thus shown of the latter upon the former, argued such close connexion of the two provisions in the testator’s mind, and so clearly exhibited his intention, that the construction to which the supposition led, was naturally adopted. Therefore, it was held, that the issue living at the death took as purchasers by express bequest to them. It was material that the particular limitation over, which was considered in that case, was good ; inasmuch as that limitation over was in default of issue living, that is, as construed, in default of the issue before mentioned. But if the limitation over had been “in case she marry without consent,” or “in case she die under the age of twenty-one years,” or upon any other contingency, not in itself containing a qualification of the term issue, and necessarily providing an alternation between the issue meant and the executory legatees, there would have been no sufficient restriction of the words issue of the body, and they must have received their technical import, so as to give, if the contingency had not happened, to the first taker, a fee absolute.
In the case now before us, the bequest is of the use of negroes to Samuel Waller, “to him and the tawfal issue of his body forever and a subsequent clause oí the will provides that “if any of my children before named should die under age or without leaving lawful issue of their body, that the legacy bequeathed, unto them and property given to them, be equally divided among my surviving children, under the same restrictions and regulations, as are specified in their re* spective bequests.”
The term use might sometimes afford argument for an intention to give only a life estate, but is of no avail in the inquiry whether the generality of the phrase, lawful issue of the body, has been tied up by the subsequent clause. It may be admitted that the testator did not intend td give to the first taker more than a life estate, and that his desire wTas that the issue should take in indefinite succession; but the law regards such desire as impolitic, and defeats it by considering its expression as equivalent to a gift of the fee to the first taker. That they may take as purchasers, the persons here claiming under the designation of issue, must shew not only that a mere life estate was given to *794 the father, but that the testator has so explained himself as to show that he has not intended to violate the policy of the law by a limitation to issue in indefinite succession.
The phrase “die without leaving laioful issue of their body” used in this will, although not so explicit as the corresponding phrase in Thomas Bell’s will, is enough to restrict to the time of the death the default of issue, and, if unconnected with any other contingency, or other-word of restriction, would of itself make the limitation over good.
The only essential difference, then, between this case and those under Thomas Bell’s will, is, that here the limitation over is to take effect, not as there, upon the sole contingency of death without issue living; and in that event, necessarily, — but, “if he should die under age or without leaving issue of his body” and upon that difference this case must be decided.
If the word or is to retain its proper disjunctive signification, and all the words of the clause are to have effect, then the testator has pointed out two contingencies, upon the happening of either of which, the limitation over shall take effect. Under that construction, if Samuel had died under age, leaving issue living, the testator’s bounty, neglecting the children of Samuel, would have passed to the executory legatees ; so that the latter would have taken, not in substitution and default of children, but in exclusion of them.
If the word or is to be construed as and, then the contingency provided by the testator was the death of Samuel under age and without issue living; so that if he had attained the age of twenty-one, and then died without issue living, the limitation over would not have taken effect. In this view, then, the executory legatees were not alternates, provided to take in lieu and default of issue living at the death, but their right so depended upon such default of issue occuring within a particular time, that death after that time might confer nothing upon them, although no issue was left to exclude them.
It will be seen that under neither of the ordinary constructions of such a contingency, does the limitation over create, as in Bell’s will and in the cases of Lampley vs. *795 Blower, 3. Atk. 396, and Read vs. Snell, 2. Atk. 643, (upon which the above cited cases concerning Bell’s will depended,) a necessary alternation between the limitation over and the direct gift to the issue as purchasers.
If, to avoid this result, we attempt to give some other construction to the clause containing the limitation over, we must either reject as unmeaning, words in themselves significant, which the testator has introduced, or interpolate efficient words which he has not used. Suppose we read the clause as if written “if he die under age without leaving issue, or die at any time without leaving issue,” we have only added words which signify precisely the same thing that would be more simply and intelligibly expressed by our striking out “under age or,” so as to read “if he should die without leaving lawful issue.” It would be a bold construction which should thus expunge expressions of the testator that of themselves have an obvious and sensible meaning, and that are not by their collocation rendered nonsensical, or even obscure.
If, then, whether or be construed as á disjunctive or as a conjunctive, no necessary alternation between the limitation over and the direct gift to the issue as purchasers, be created, how can the phrase, “leaving no issue of the body,” in the subsequent clause, explain the technical sense of the expression, to him and the laivful issue of his body forever, in the preceding clause 7 Where, upon default of issue living, the limitation over must necessarily take effect, the restraining words in the clause creating the limitation over, may be considered to apply to the preceding clause containing the express bequest to issue, as if the contingency were written, in case of his death without leaving then living such issue as is before mentioned. The word issue would of itself have the same meaning in both clauses, viz: lineal descendants; but as in the latter clause, by a reference to a fixed time, it is made to embrace only the class that then may answer to its meaning, the same reference to timéis construed to apply to the former clause, because the connexion resulting from the one disposition being substituted for the other. But where there may be issue living at the death, and yet the limitation over take effect, or where there may be a death without any issue *796 living, and the limitation over not take effect, there is no such connexion between the two clauses, and dependence of the one upon the other, that we can say the time fixed in the latter for the ascertainment of the persons who may be issue then left, was in contemplation of the testator when in the former he used issue without reference to time.
To illustrate by examples ; (speaking only of personal estate, but using some terms properly applicable only to real estate, which in the present state of our law as to the power of limiting personalty, can hardly be avoided in cases like this relating only to personal estate:) To A. and his issue, unexplained imports an indefinite succession of issue; that is, a fee tail — -by legal effect a fee simple. To A. and his issue, but if he should die without leaving issue living, then over to B., according to Henry and Means gives a life estate to A. with remainder to the issue as purchasers with limitation over to B; because, as B. must necessarily take whensoever A. may die without issue living, B, seems to stand as an alternate for issue living, and- the testator is held in the direct bequest to refpr to the same issue that he afterwards more exactly describes in stating the contingency upon which the limitation to B. shall take effect. But, to A. and his issue, and if he should die under age to B., gives nothing to the issue as purchasers, although the limitation over would be good. To A. and his issue,, and if he should die under age or without leaving issue, to B. or-to A. and. his issue, and if he should die under age and without leaving issue, to B; in: either case, gives nothing to the issue as purchasers ; because, in the former case B. may take if A- should die under age, although he may leave issue, and in the latter case B, may be excluded, although no issue of A. be left, if A. dp not die under age; and therefore, in neither case does it appear that B. and the issue were meant as alternates, and that the same issue described in the clause of limitation over were referred to in the direct bequest.
That by qualifying expressions issue in the latter clause is referred to a particular time, does not of itself make the same reference to time in the use of the word issue in the preceding clause; for it consists as well with the words *797 used, when a testator gives to A. and his issue, and if A. should die without leaving issue living, over to B., to suppose that the testator meant to give to A. and to his issue in indefinite succession, with a limitation over in event of the chance of the succession being rendered impossible by a failure of issue at the death of A. as to suppose that he meant an estate for life to A., with remainder in fee to the issue living at his death, defeasible upon the failure of such issue. The latter supposition has been allowed to prevail, for the reasons, that the alternative disposition, to the issue living at the death of A. or to B. seems to have' been intended by the testator; and that no argument of intention appears to oppose it. It has sometimes been supposed that a further reason is to be found in a fanciful wish in duty which has been imputed to Courts, that leads them in what is supposed to be the course indicated, as far as the law will permit towards accomplishing the intention of the testator, when the law makes the entire intention ineffectual. Under this supposition, it is said, the intention is to give to issue in indefinite succession, but that cannot be effected — therefore, as the nearest approach, the gift shall be to the issue living at the death of the first taker. Upon this ground every bequest of an estate tail in personalty, would, without more, be held an estate for life, with remainder to issue living at the death. But the admission of an intention to give to issue, in indefinite succession, of itself fixes the meaning of the words issue, or issue of the body, or the like, as words of limitation and not of purchase, and so cuts off the issue from all benefit beyond the chance of receiving, by transmission from the parent.
But in the case now before us, there is not only, under either construction of or, a want of that connexion between the interests created by the two clauses of the will which might authorize the restriction of issue in the latter to control its technical sense in the former one, but if or is to be construed as and, then are positive arguments of intention opposed to the views of the present plaintiffs.
One of the two constructions of or is in this will correct, and the other- is not. It will not do to consider or as having a shifting, meaning to he settled by the result, and *798 because Samuel’s death occurred after he was of age and when he had issue living, to say that therefore or shall have its disjunctive signification, — since by this event all the violation of intention, which, in case of his death under age and leaving issue, might have resulted, has been avoided. As Lord Eldon said, in Earl of Radnor vs. Shafton, 11 Ves. Jur. 457, “In trying the meaning of phrases in a will, you may look at all the circumstances in which the Court might have been called upon to determine the meaning of the same phrases, applied to a different state of circumstances.” How would this will have been construed at the time of the testator’s death, looking to what were the circumstances and chances then? The ages of his children were not proved, but from the will itself it appears that his son Alexander, an object of peculiar favour, was at the date of the will (a short time before the testator’s death) under the age of twenty-one. What would have been the rule for Alexander must be applied to Samuel, for the limitation over is in case of the death of “any of my children” “under age or without leaving lawful issue of their body.” A construction which would have stripped Alexander’s children of his whole interest under the will, in case he had died under age leaving children, cannot be presumed to have been intended. It is possible that even in this country, where early marriages are so frequent, the chance of a child’s dying under age yet leaving children may not have been contemplated by the testator, and therefore, contrary to what may be presumed would have been the intention if the chance had been anticipated, it may happen within the meaning he gave the words he used. But if we are not to disregard the sound principles which settled our cases of Bostick vs. Lawtan, 1 Spears, 258, and Scammel vs. Porter, 1 Bail. 427, and the many cases upon which they rest, as well as the authority of the cases themselves, we must hold that in this case or must be understood to mean and.
If this construction be adopted, then it may well be argued, that as the testator intended his son’s estate to be* relieved from defeasibility by reason of the limitation over, when the son attained that age at which he might make dispositions to suit himself, so it was intended that at that *799 age no rights of issue should interfere with his power of free disposition. The son himself, and not his unknown issue, attracted the bounty of the testator. If we look at the whole will — remember that at its date, some (if not all but one) of the children were already of age — observe the term heirs applied to land and issue, everywhere to personalty, except in the bequest to the daughter, where children is skilfully introduced — notice that a gun, beds, and one ewe and lamb are confounded with the negroes in the same bequests and limitations — and apply the terms uthe same restrictions and regulations as are specified in their respective bequests,” to the difference made between the daughter and the sons — it will be difficult to resist the belief that the testator in fact used the words “to him and the lawful issue of his body forever,” in their true technical sense, as words of limitation, so that as each of his sons came to age, the chance upon which his estate might have been defeated should pass away, and he should enjoy the same, with the right to alien or bequeath, or in default thereof to transmit to his issue.
Even in cases where a clear intent to give to the first taker in the first instance only a life estate, is, with circumstances showing the intent of the testator to dispose of his whole interest, followed by an express bequest to the issue, either in indefinite succession, or restricted by reference to a particular time, but without any limitation over —there seems to be usually an actual design in the testator, if the issue that he would provide for should fail, to enlarge the estate of the first taker. The restriction of the first taker’s estate in such cases, is intended for the benefit of issue only, and upon his death without such issue, the intention could probably be effected by vesting the right in his assignee or personal representative. By declaring, then, that in such cases, where the bequest is to the issue in indefinite succession, the first taker shall take a fee simple, — and that where the bequest is to issue restricted, the first taker shall take a fee subject to an executory bequest to such issue, — the law conforms as nearly to the actual intention, as by any practicable disposition of the estate it might do.
Where such bequest is accompanied by a limitation *800 over too remote, the intention to give the whole estate is manifest — the person intended to be benefitted by the limitation over cannot take, and the first taker and issue, as to right, and the presumed intention of the testator, stand as above mentioned where the intention to give the whole interest has been manifested, and no limitation over has been made. And the same observations apply to a case where the intent to give the whole interest is manifest, a limitation over has been made, and the contingency upon which the estate was limited over has not happened, and has been rendered impossible. Such is the case before us, if or be construed as and: the age of twenty-one was attained before death, so that the contingency was rendered impossible — no further limitation over, expressly declared what the testator intended, but his intent to pass his whole interest, manifested by the general scope of his will, shows that he designed no reverter to his estate ; and therefore the direct bequest is left just as if no limitation over had been made. The words “to him and the laivful issue of his body forever" must receive their technical signification, and that, as observed, is as near to the true intent as policy and any practicable rules will permit.
Cases where a restriction used in one clause of a will, have been applied to the term issue used in another clause without restriction, are not to be considered as authority for such application invariably, without consideration of the subject matter, the circumstances, and the consequences. Where a direct bequest to the first taker and his issue living at his death has been made, and a subsequent clause provides a limitation over, in case the first taker die without issue, it is clear that the generality of the phrase, die without issue, receives such restrictive aid from the previous definition of issue, that the limitation, which of itself would have been held too remote, is by such aid made good. But it would not be safe to argue e converso in ail cases, that the indefiniteness of issue in a bequest to the first taker and his issue, is explained by a subsequent limitation over in case he die ivithout leaving issue living. That die without issue means “die and issue should at any time afterwards fail," isa strained construction, made by the law from considerations of policy, and therefore any *801 slight circumstance has sometimes been seized upon to give the words their natural meaning; that is, die, not then having issue: and a previous clear provision for the issue living at the death, without any attempt to limit in indefinite succession, shows that the idea of an indefinite failure was notin the testator’s contemplation, and that therefore the die without issue must mean only to provide against the failure of that class before specially described as objects of intended benefit. But the phrase “to him and the'issue of his body forever,” has naturally and plainly the meaning which the law gives to it — to him and his issue from generation to generation — a meaning which, as before said, the law understands'1 and defeats; and to explain such plain meaning, well fixed technically and vulgarly, requires stronger circumstances than would seem to tie up the generality of the expression, die without issue.
Again, as to a limitation over by way of executory bequest, the inquiry, without regard to the nature of the estate previously given, is, must the contingency happen within the prescribed time? Whereas, the inquiry, concerning the interest directly bequeathed, is, what is the technical meaning of the terms? Or if that meaning is to be disregarded, has the testator clearly explained the sense in which he used the terms? If after a gift to A. and the issue living at his death, the executory bequest be to B. if A. should die under age or without issue, the limitation over will be good. The generality of without issue would be restricted as before explained, to mean without issue then living, and although the contingency would be varied accordingly as we should construe or as or or as and, in either case it would fall within the rule, as it must happen in one case at his death, and in the other when he attained the age of twenty-one. But when we consider the case of a gift to A and his issue and if he should die ivithout leaving issue over, we are called upon to enquire how the technical sense of the direct gift has been explained ; and although wherein the case just propounded, we see that the limitation over is to take effect only in case of death without issue, and in that case whensoever it may happen, we may conclude that the issue which might be alive at the death was intended to be designated in the *802 first gift — such conclusion would not follow in a case where the limitation over was, if he should die under age and viithout leaving issue, where we should see that the limitation over had no necessary connexion with the time of death, but the intention seemed to be that if A. should attain the age of twenty-one, no restriction of his estate should exist by limitation over or otherwise.
It therefore appears to the Court, that the children of Samuel Waller took nothing under the bequest to him, and the motion for nonsuit is accordingly granted.
O’Neall, Evans, Butler and Frost, JJ. With Johnson and Johnston, Chancellors, concurred.
DüNkiN, Ch. having been of counsel for the defendant, did not sit in this case.
Per O’Néall, J.
I think, if the legatee, Samuel, had died under age leaving issue, that the issue in such case would have taken as purchasers ; but having lived beyond that period, his estate became absolute.
Harper, Ch. absent.